UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENT MORRISON,

                    Petitioner,

          -against-

LORRIE PATTERSON, JUDGE,

                              Respondent.

23-CV-9315 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who resides in Brooklyn, New York, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his ongoing criminal proceedings pending in the New York Supreme Court, New York County. By order dated October 31, 2023, the Court granted Petitioner leave to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

Shortly after filing the initial petition, Petitioner requested leave to amend the petition. (ECF 3.) As Petitioner's filing of an amended petition is permitted under Rule 15(a) of the Federal Rules of Civil Procedure, his request to amend is not necessary. The Court therefore directs the Clerk of Court to file Petitioner's motion to amend and accompanying statement of facts (ECF 3) as an amended petition, and to terminate the motion to amend because it is moot. For the reasons stated in this order, the Court denies the amended petition.

## STANDARD OF REVIEW

The court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The court is obliged,

however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following information is taken from the amended petition.[1] On May 15, 2023, while driving to John F. Kennedy Airport in Queens, Petitioner encountered an old acquaintance, David Cruze, who requested a ride. Shortly afterward, an unidentified law enforcement officer subjected Petitioner to an "unjustified traffic stop and a violent assault" by stopping the vehicle on a street corner in Brooklyn, New York, forcibly removing Petitioner from the vehicle, and seizing his phone. (ECF 3, at 3.)[2] Petitioner was arrested and later released without the police telling him the reason for the traffic stop.

On June 3, 2023, during a court appearance, Petitioner presented his court appointed attorney, Tim White, with an exculpatory affidavit from his co-defendant, David Cruze. White refused to act on the affidavit, potentially causing prejudice to Petitioner's defense, depriving him of his right to a fair trial, and undermining his right to effective legal representation. Petitioner informed White's supervisor at the Legal Aid Society of White's inaction, but the supervisor did nothing.

---

[1] As the amended petition has not yet been docketed as such, for purposes of this order, the Court will refer to the motion to amend (ECF 3) as the amended petition.

[2] The Court quotes verbatim from the amended petition. All spelling, grammar, punctuation, and capitalization are as in the original, unless otherwise noted.

On or about June 9, 2023, during a hearing for Cruze, the presiding judge, Cruze's court appointed attorney, and the prosecutor engaged in a sidebar conversation, "which revealed potential collusion to suppress exculpatory evidence." (*Id*.) Cruze's attorney has also attempted to prevent and delay the filing of the exculpatory affidavit and create conflicts, "rais[ing] concerns about interference with the presentation of exculpatory evidence." (*Id*. at 4.)

In addition, there has been collusion between White, unidentified Legal Aid Attorneys, and the prosecutor that "may have compromised [Petitioner's] right to a fair trial and impartial legal representation" (*Id*. at 3.) The judge has also "acted as a de facto prosecutor," working to secure Petitioner's indictment. (*Id*. at 4.) Finally, the judge, prosecutor, and attorneys have all engaged in "fraudulent concealment of exculpatory evidence," "compromis[ing] the integrity of the legal process" and infringing on Petitioner's right to due process under the Fifth and Fourteenth Amendments. (*Id*.)

According to records maintained by the New York State Unified Court System, Petitioner was arrested on May 15, 2023, for an incident that occurred on January 20, 2023. He is charged under indictment No. 74480-23/001 with multiple drug charges, including criminal possession of a controlled substance in the third degree.

## DISCUSSION

### A.    State Court Proceedings

Because the relief that Petitioner seeks would require the Court to intervene in his pending state court proceedings, the Court must deny the petition. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). Federal courts

generally abstain from intervening in state criminal proceedings "'under the principle known as comity [because] a federal district court has no power to intervene in the internal procedures of the state courts.'" *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (quoting *Wallace v. Kern*, 481 F.2d 621, 622 (2d Cir. 1973)).

Petitioner does not allege any facts suggesting bad faith, harassment, or irreparable injury. Rather, because his attorney declined to present to the state court the alleged exculpatory evidence, he makes unsupported and conclusory accusations of collusion by the judge, prosecutor, and his attorney that could potentially violate his rights to a fair trial and effective assistance of counsel. However, Petitioner's assertions of potential injury are wholly speculative and do not present the special circumstance necessary for this Court's intervention in his state court criminal case. The Court therefore finds no proper basis for intervention in Petitioner's ongoing criminal proceedings, and denies the petition as barred by the *Younger* abstention doctrine.

**B.      Relief Under Section 2241 and Exhaustion of Administrative Remedies**

Even if the Court had found special circumstances warranting this Court's intervention in the state court matter, this petition must still be denied. Before seeking *habeas corpus* relief under Section 2241, a petitioner seeking pretrial relief must first exhaust available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.* Petitioner does not allege any facts suggesting that he has exhausted his state court remedies. Thus, even if

Petitioner could show bad faith, harassment, or irreparable injury, he first must exhaust his state-court remedies before seeking federal *habeas corpus* relief.

**C.     Leave to Amend Denied**

District courts generally grant a *pro se* petitioner an opportunity to amend a pleading to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in this petition cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his petition.

## CONCLUSION

The Court directs the Clerk of Court to file Petitioner's motion to amend and accompanying statement of facts (ECF 3) as an amended petition, and to terminate the motion to amend because it is moot.

The Court denies this petition, filed IFP under 28 U.S.C. § 1915(a)(1), as barred by the *Younger* abstention doctrine. All other pending matters in this case are terminated.

Because Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   April 15, 2024
         New York, New York

_____/s/ Laura Taylor Swain_____
LAURA TAYLOR SWAIN
Chief United States District Judge